# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF NEBRASKA

THOMAS R. JONES,

        Petitioner,

vs.

SCOTT FRAKES,

        Respondent.

8:21CV249

**MEMORANDUM AND ORDER**

      This matter is before the court on preliminary review of Petitioner Thomas R. Jones' Petition for Writ of Habeas Corpus (Filing 1) brought pursuant to 28 U.S.C. § 2254. The purpose of this review is to determine whether Petitioner's claims, when liberally construed, are potentially cognizable in federal court. Condensed and summarized for clarity, Petitioner's claims are:

      Claim One: Trial counsel failed to investigate witness James Henley, request D.N.A. analysis, or fingerprint comparison on firearm retrieved by Omaha Police.

      Claim Two: Trial counsel failed to provide documents, transcripts, video footage to allow petitioner to prepare adequate defense for trial.

      Claim Three: Trial counsel lacked adversarial challenging and inadequate arguments for identification suppression hearing.

      Claim Four: Trial counsel failed to challenge false statements made by the State's witnesses during identification suppression hearing.

      Claim Five: Trial counsel never notified the petitioner that he could appeal the ruling of the District Court denying suppression to a higher court.

Claim Six: Trial counsel told the petitioner to stop attending law library while in Douglas County Corrections awaiting trial.

Claim Seven: Trial counsel told the petitioner's fiancé the petitioner was guilty of crimes alleged.

Claim Eight: Trial counsel failed to investigate the petitioner's alibi for the time of the crimes in question.

Claim Nine: Trial counsel scheduled court dates for the petitioner to change his plea without any request being made by the petitioner.

Claim Ten: Trial counsel had inadequate knowledge of the State statutes and the application thereof.

Claim Eleven: Trial counsel misrepresented the actual amended information that was filed against petitioner on July 25, 2011, to the petitioner and his fiancé.

Claim Twelve: Trial counsel told the petitioner the District Court did not want to preside over his trial the week of August 1, 2011, and the District Court "would not forget" the petitioner after his plea was accepted by the District Court and during sentencing.

Claim Thirteen: Trial counsel gave petitioner erroneous advice regarding habitual criminal enhancements.

Claim Fourteen: Trial counsel gave the petitioner erroneous advice regarding direct consequences and penalties the petitioner was subject to due to his No Contest plea.

Claim Fifteen: Trial counsel failed to motion for the District Court's recusal from the petitioner's case.

Claim Sixteen: Trial counsel failed to object to the State's misleading factual basis during plea proceedings.

Claim Seventeen: Trial counsel allowed the petitioner to plead No Contest to a crime where the statutory requirements were not satisfied to support the conviction thereof.

Claim Eighteen: Trial counsel failed to properly investigate injury to D'Anthony Betts.

Claim Nineteen: Trial counsel made false statements to the District Court regarding presentence investigation meeting between the petitioner and the probation officer that conducted the interview of the petitioner.

Claim Twenty: Trial counsel failed to object or clarify when the District Court sentenced petitioner under a mistake of law.

Claim Twenty-One: Trial counsel allowed the District Court and the prosecution to communicate in ex-parte communication regarding the sentence of the petitioner after the sentencing hearing was adjourned and the petitioner had exited the courtroom.

The court determines that these claims, when liberally construed, are potentially cognizable in federal court. However, the court cautions Petitioner that no determination has been made regarding the merits of these claims or any defenses to them or whether there are procedural bars that will prevent Petitioner from obtaining the relief sought.

IT IS THEREFORE ORDERED that:

1. Upon initial review of the habeas corpus petition (Filing 1), the court preliminarily determines that Petitioner's claims, as they are set forth in this Memorandum and Order, are potentially cognizable in federal court.

2. By **August 27, 2021**, Respondent must file a motion for summary judgment or state court records in support of an answer. The clerk of the court is directed to set a pro se case management deadline in this case using the following

3

text: **August 27, 2021**: deadline for Respondent to file state court records in support of answer or motion for summary judgment.

3. If Respondent elects to file a motion for summary judgment, the following procedures must be followed by Respondent and Petitioner:

A. The motion for summary judgment must be accompanied by a separate brief, submitted at the time the motion is filed.

B. The motion for summary judgment must be supported by any state court records that are necessary to support the motion. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Motion for Summary Judgment."

C. Copies of the motion for summary judgment, the designation, including state court records, and Respondent's brief must be served on Petitioner *except* that Respondent is only required to provide Petitioner with a copy of the specific pages of the record that are cited in Respondent's motion and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

D. No later than 30 days following the filing of the motion for summary judgment, Petitioner must file and serve a brief in opposition to the motion for summary judgment. Petitioner may not submit other documents unless directed to do so by the court.

E. No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a

reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the motion is therefore fully submitted for decision.

    F. If the motion for summary judgment is denied, Respondent must file an answer, a designation and a brief that complies with terms of this order. (*See* the following paragraph.) The documents must be filed no later than 30 days after the denial of the motion for summary judgment. **Respondent is warned that failure to file an answer, a designation and a brief in a timely fashion may result in the imposition of sanctions, including Petitioner's release.**

  4. If Respondent elects to file an answer, the following procedures must be followed by Respondent and Petitioner:

    A. By **August 27, 2021,** Respondent must file <u>all</u> state court records that are relevant to the cognizable claims. *See*, *e.g.*, Rule 5(c)-(d) of the *Rules Governing Section 2254 Cases in the United States District Courts*. Those records must be contained in a separate filing entitled: "Designation of State Court Records in Support of Answer."

    B. No later than 30 days after the relevant state court records are filed, Respondent must file an answer. The answer must be accompanied by a separate brief, submitted at the time the answer is filed. Both the answer and the brief must address all matters germane to the case including, but not limited to, the merits of Petitioner's allegations that have survived initial review, and whether any claim is barred by a failure to exhaust state remedies, a procedural bar, non-retroactivity, a statute of limitations, or because the petition is an unauthorized second or successive petition. *See*, *e.g.*, Rules 5(b) and 9 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

    C. Copies of the answer, the designation, and Respondent's brief must be served on Petitioner at the time they are filed with the court *except* that Respondent is only required to provide Petitioner with a copy of the specific pages

of the designated record that are cited in Respondent's answer and brief. In the event that the designation of state court records is deemed insufficient by Petitioner or Petitioner needs additional records from the designation, Petitioner may file a motion with the court requesting additional documents. Such motion must set forth the documents requested and the reasons the documents are relevant to the cognizable claims.

      D.      No later than 30 days after Respondent's brief is filed, Petitioner must file and serve a brief in response. Petitioner must not submit any other documents unless directed to do so by the court.

      E.      No later than 30 days after Petitioner's brief is filed, Respondent must file and serve a reply brief. In the event that Respondent elects not to file a reply brief, he should inform the court by filing a notice stating that he will not file a reply brief and that the merits of the petition are therefore fully submitted for decision.

      F.      The clerk of the court is directed to set a pro se case management deadline in this case using the following text: **September 27, 2021**: check for Respondent's answer and separate brief.

5.      No discovery shall be undertaken without leave of the court. *See* Rule 6 of the *Rules Governing Section 2254 Cases in the United States District Courts*.

Dated this 13th day of July, 2021.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Judge