IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS R. JONES,<br><br>Petitioner,<br><br>vs.<br><br>SCOTT FRAKES,<br><br>Respondent. | 8:21CV249<br><br><br>**MEMORANDUM<br>AND ORDER** |

    This matter is before the court on Respondent's motion for summary judgment (filing 15) and two motions for evidentiary hearing (filing 19; filing 21) brought by Petitioner Thomas R. Jones ("Petitioner" or "Jones"), and an initial and amended objection and motion to strike court records (filing 25; filing 27) also brought by Jones. Respondent contends that Jones' Petition for a Writ of Habeas Corpus (filing 1) barred by the limitations period set forth in 28 U.S.C. § 2244(d). (Filing 17 at CM/ECF p. 4.) Jones disagrees, arguing his petition was timely under the prison mailbox rule set forth in Rule 3(d) of the Rules Governing Section 2254 Proceedings. (Filing 20) Jones seeks an evidentiary hearing to establish that genuine triable issues of fact exist regarding the timeliness of his Petition. (Filing 19; Filing 21.) Respondent filed a Supplemental Designation of State Court Records (filing 22) and a reply (filing 23) in support of its motion for summary judgment. Jones responded by filing a Motion and Amended Motion to Strike Respondent's Supplemental Designation of State Court Records. (Filing 25; Filing 27.) This matter is fully submitted for disposition.

After careful review, a genuine issue of material fact exists as to whether Jones' petition was timely filed. As such, Respondent's motion for summary judgment (filing 15) shall be denied, and Jones' motion for evidentiary hearing on the timeliness of his petition (filing 21) shall be granted. The amended motion to strike Respondent's supplemental designation of state court records (filing 27) shall be denied. Jones' initial motion for evidentiary hearing (filing 19) and his initial motion to strike Respondent's supplemental designation of state court records (filing 25) shall both be denied as moot.

## I. FACTS

1. In July 2011, Jones pleaded no contest and was found guilty of First Degree Assault, Second Degree Assault, and Use of a Deadly Weapon to Commit a Felony. (Filing 16-6 at CM/ECF p. 1.)

2. The state district court sentenced Jones to terms of 20 to 20 years' imprisonment on each of the assault convictions and 10 to 10 years' imprisonment on the weapon conviction, with all sentences to be served consecutively. (*Id.* at CM/ECF p. 2.)

3. On direct appeal, Jones challenged his sentences asserting he received ineffective assistance of counsel. (Filing 16-2; Filing 16-6 at CM/ECF p. 1.) On June 12, 2012, the Nebraska Court of Appeals affirmed Jones' convictions and sentences on direct appeal and found his ineffective assistance claim was without merit. (Filing 16-6.)

4. Jones timely filed a petition for further review which was denied by the Nebraska Supreme Court on August 30, 2012. (Filing 16-2.)

5. Jones timely filed a motion for postconviction relief on August 23, 2013 (filing 16-5 at pp. 4-32), which was denied without an evidentiary hearing (*id.* at CM/ECF pp. 35-36).

6. Jones then appealed the state district court's denial (filing 16-3), which was affirmed in part and reversed and remanded in part by the Nebraska Court of Appeals on April 21, 2015, for the state district court to hold an evidentiary hearing on one of Jones' ineffective assistance of trial counsel claims (filing 16-7).

7. Following an evidentiary hearing in August 2019, the state district court again denied Jones' motion for postconviction relief (filing 16-8 at CM/ECF pp. 2-3), after which Jones timely appealed the state district court's judgment (filing 16-4).

8. On January 5, 2021, the Nebraska Court of Appeals affirmed the state district court's judgment. (Filing 16-8.) Jones timely filed a petition for further review, which the Nebraska Supreme Court denied on March 1, 2021. (Filing 16-4 at CM/ECF p. 4.) The case was mandated on March 15, 2021. (*Id.*)

9. Jones, who is incarcerated at the Nebraska State Penitentiary, filed a *pro se* Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254 which was signed and dated June 6, 2021, and received by this court on July 7, 2021. (Filing 1.)

10. On July 30, 2021, this court entered an amended order that required Respondent to file a motion for summary judgment or state court records in support of an answer. (Filing 12.)

11. On September 21, 2021, Respondent filed its motion for summary judgment and brief in support (filing 15; filing 17), to which Jones filed a brief in opposition on October 7, 2021 (filing 18) and a second brief in opposition on October 12, 2021 (filing 20) which were substantively identical but contained different exhibits. Jones' first brief in opposition attached his affidavit in support and the

second brief attached copies of two institutional checks issued on June 6, 2021, for postage.[1] (Filing 18 at CM/ECF pp. 10-14; Filing 20 at CM/ECF p. 9.)

12.    On October 7, 2021, Jones filed a motion for an evidentiary hearing to establish that "genuine triable issues of material facts exist precluding summary judgment as a matter of law" related to whether Jones' petition was timely filed. (Filing 19.) He then filed an identical motion for evidentiary hearing on October 12, 2021 (filing 21), with the only difference from the first being that Jones attached his affidavit in support to the October 12 motion.[2]

13.    On November 8, 2021, Respondent filed a reply brief in support of its motion for summary judgment (filing 23) and supplemented the state court records with the affidavit of Allyson Bennett, the Assistant III/Public Information and Litigation Officer at the Nebraska State Penitentiary (filing 22; filing 22-1), to which this court allowed Jones to file a response (filing 24).

14.    On December 3, 2021, Jones filed an objection and motion to strike the supplemental state court records, attaching correspondence from Assistant Ombudsman Stephanie Beran, J.D. ("Ms. Beran") dated November 19, 2021, a "Counter Affidavit of Thomas R. Jones", and affidavits from inmates Joseph Buttercase and Abdur-Rashid Muhammad as exhibits, all dated November 18, 2021. (Filing 25.)

15.    That same day Respondent filed a "notice" pointing out that although Jones' declaration on page 4 of the motion to strike stated that it was submitted for

---

[1] As the briefs in opposition are substantively identical, the court will refer to Filing 20 when addressing Jones' opposition briefs but will refer to the relevant filing number when referencing the related exhibits.

[2] As the motions for evidentiary hearing (filing 19; filing 21) are substantively identical the court will refer to Filing 21 when addressing substantive arguments made in the motions for evidentiary hearing.

4

mailing into the prison mailing system on November 18, 2021, that the correspondence from Ms. Beran filed with the motion to strike was dated November 19, 2021, rendering it impossible for the motion to strike to have been filed on November 18, 2021, as Jones had certified. (Filing 26.)

16. On December 15, 2021, Jones filed an amended objection and motion to strike, refiled the correspondence from Ms. Beran and the two inmate affidavits and filed an amended counter affidavit. (Filings 27-30.) In his amended counter affidavit, Jones addresses the date discrepancy pointed out by Respondent in its December 3, 2021 "notice," and certifies under penalty of perjury that he deposited his petition into the prison mailing system "with sufficient first-class postage prepaid" on June 6, 2021. (Filing 28 at CM/ECF p. 2-3.)

## II. SUMMARY JUDGMENT STANDARD

"A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. The court should state on the record the reasons for granting or denying the motion." Fed. R. Civ. P. 56(a).

In ruling on a motion for summary judgment, the court must view the evidence in the light most favorable to the non-moving party, giving that party the benefit of all inferences that may be reasonably drawn from the evidence. *See Dancy v. Hyster Co.*, 127 F.3d 649, 652-53 (8th Cir. 1997). It is not the court's function to weigh evidence in the summary judgment record to determine the truth of any factual issue; the court merely determines whether there is evidence creating a genuine issue for trial. *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249-51 (1986); *Bell v. Conopco, Inc.*, 186 F.3d 1099, 1101 (8th Cir. 1999), *abrogated on other grounds by Torgerson v. City of Rochester*, 643 F.3d 1031, 1043 (8th Cir. 2011).

"There is a genuine dispute when the evidence is such that a reasonable jury could return a verdict for the non-moving party." *Dick v. Dickinson State Univ.*, 826 F.3d 1054, 1061 (8th Cir. 2016) (internal quotations and citations omitted). "A fact is material if it 'might affect the outcome of the suit.'" *Id.* (quoting *Anderson*, 477 U.S. at 248). A party asserting that a fact cannot be or is genuinely disputed must support the assertion by:

> (A) citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials; or
>
> (B) showing that the materials cited do not establish the absence or presence of a genuine dispute, or that an adverse party cannot produce admissible evidence to support the fact.

Fed. R. Civ. P. 56(c)(1).

The moving party bears the initial responsibility of informing the court of the basis for the motion and must identify those portions of the record which the moving party believes show the lack of a genuine issue of material fact.[3] *Torgerson v. City of Rochester*, 643 F.3d 1031, 1042 (8th Cir. 2011) (en banc). If the moving party does so, the burden then shifts to the nonmoving party, who "may not rest upon mere allegation or denials of his pleading, but must set forth specific facts showing that there is a genuine issue for trial." *Anderson*, 477 U.S. at 256. If the record taken as a whole could not lead a rational trier of fact to find for the nonmoving party,

---

[3] This burden "may be discharged by 'showing'—that is, pointing out to the district court—that there is an absence of evidence to support the nonmoving party's case." *Celotex Corp. v. Catrett*, 477 U.S. 317, 325 (1986). "The moving party can satisfy its burden in either of two ways: it can produce evidence negating an essential element of the nonmoving party's case, or it can show that the nonmoving party does not have enough evidence of an essential element of its claim to carry its ultimate burden of persuasion at trial." *Bedford v. Doe*, 880 F.3d 993, 996 (8th Cir. 2018).

summary judgment should be granted. *Smith-Bunge v. Wisconsin Cent., Ltd.,* 946 F.3d 420, 424 (8th Cir. 2019).

### III. DISCUSSION

Respondent submits that Jones' habeas petition, received by the court on July 7, 2021, was filed after the one-year statute of limitations expired on June 14, 2021, rendering it untimely. (Filing 15; Filing 17; Filing 23 at CM/ECF p. 2-3.) Jones does not dispute that the deadline for filing his petition was June 14, 2021. (*See* Filing 20.) Instead, he submits that because he deposited his petition with prison authorities on June 6, 2021,[4] his petition was timely via application of the prison mailbox rule as set forth in Rule 3(d) of the Rules Governing Section 2254 Proceedings. (Filing 18, Jones Decl. ¶¶ 4-6, at CM/ECF p. 11; Filing 28 at CM/ECF 2.) Jones also contends that to the extent the court finds that a genuine issue of material fact exists as to whether his petition was timely submitted, an evidentiary hearing is necessary to resolve the matter. (Filing 20 at CM/ECF p 5; Filing 21.) Jones is correct.

### A.   The Prison Mailbox Rule

The so-called "prison mailbox rule" set forth in Rule 3(d) of the Rules Governing Section 2254 Proceedings deems a petition timely filed by "an inmate confined in an institution . . . if deposited in the institution's internal mailing system on or before the last day for filing." However, it is a prisoner's burden to show his entitlement to application of the prison mailbox rule, *see Porchia v. Norris,* 251 F.3d

---

[4] Jones described the procedure for mailing large envelopes such as the envelope used to mail his petition at the Nebraska State Penitentiary as, "handing these legal articles to the NDCS correctional officer or caseworker in the Housing Unit 5 control center 'bubble' . . . as these 10x13 envelopes . . . will not fit in the standard letter size mailbox mounted to the wall in the housing units." (Filing 18, Jones Decl. at CM/ECF p. 11.) Respondent did not contest Jones' description of the process. (*See* Filing 17; Filing 23.)

1196, 1198 (8th Cir. 2001), by establishing compliance with the following requirements of Rule 3(d):

> If an institution has a system designed for legal mail, the inmate must use that system to receive the benefit of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Rule 3(d) of the *Rules Governing Section 2254 Proceedings in the United States District Courts; see also Grady v. United States*, 269 F.3d 913, 916 (8th Cir. 2001) (applying Federal Rule of Appellate Procedure 4(c));[5] *United States v. Jarrett*, No. 8:09CR457, 2016 WL 5794701, at *2 (D. Neb. Oct. 4, 2016). Strict compliance with Rule 3(d) is required. *Pierce v. Weber*, No. CIV. 10-4055-KES, 2010 WL 4868214, at *1 (D.S.D. Nov. 23, 2010) (citing *Grady,* 269 F.3d at 916).

Respondent argues that Jones failed to include a statement that first-class postage was prepaid (the "Rule 3(d) postage certification") (*see* filing 1 at CM/ECF p. 128), rendering the prison mailbox rule inapplicable and his petition untimely

---

[5] *Grady* references former Rule 4(c) of the Federal Rules of Appellate Procedure, now Rule 25(a)(2)(A)(iii). The comments to Rule 3(d) of the Rules Governing Section 2254 Cases indicate that it was based upon the appellate rule. The requirement in Federal Rule of Appellate Procedure 4(c)(1) that a declaration of mailing must set forth the date of deposit and state that first-class postage has been prepaid is identical to Rule 3(d) of the Rules Governing Sections 2254 and 2255 Proceedings and has also been applied uniformly to both in other jurisdictions. *See e.g. Daniels v. United States*, 809 F.3d 588, 590 (11th Cir. 2015) (finding that a district court did not err in dismissing motion to vacate as untimely where movant failed to declare that first-class postage had been prepaid as required by Rule 3(d) as "[t]o demand anything other than strict compliance with those requirements would render them nullities"); *Franklin v. United States*, No. SA CR 06-0166-DOC, 2015 WL 13265918, at *4 (C.D. Cal. Jan. 12, 2015) (explaining that "it can be assumed that Rule 3(d) can be interpreted in the same way as the identical language in the federal appellate rules" relating to the prepaid postage declaration).

(filing 23 at CM/ECF pp. 1-2), but does not contest that Jones' petition complied with the remainder of Rule 3(d) (*see* filing 17; filing 23). While Respondent is correct that Jones did not submit a Rule 3(d) postage certification along with his petition, a declaration compliant with 28 U.S.C. § 1746[6] or a notarized statement need not be filed contemporaneously to take advantage of the prison mailbox rule. *Grady*, 269 F.3d at 917-18 (a prisoner must "at some point" attest to the fact he deposited his paper in the prison mailing system prior to the expiration of the statute of limitations for the prison mailbox rule to apply). Instead, where a declaration or certification was omitted or insufficient, a prisoner may file one compliant with the prison mailbox rule at any time so long as the proceedings are not needlessly delayed. *Id.*

Here, in response to Respondent's reply and supplemental state court records in support of summary judgment,[7] Jones filed his "Amended Counter Affidavit" which is compliant with 28 U.S.C. § 1746 as he declares "under penalty of perjury" that he deposited his petition "in the prison's internal mail system with sufficient first-class postage prepaid, by institutional check" on June 6, 2021.[8] (Filing 28, Jones

---

[6] Compliance with 28 U.S.C. § 1746 can be accomplished by "unsworn declaration, certificate, verification, or statement, in writing of such person which is subscribed by him, as true under penalty of perjury, and dated" if executed within the United States so long as it contains a signed statement in substantially the following form: "I declare (or certify, verify, or state) under penalty of perjury that the foregoing is true and correct. Executed on (date)." 28 U.S.C. § 1746(2).

[7] In the reply in support of the motion for summary judgment, Respondent argued for the first time that the prison mailbox rule did not apply because Jones had failed to provide the Rule 3(d) postage certification when his petition was filed. (Filing 23.) Concurrently, the Respondent supplemented the state court record in support of its reply (filing 22; filing 22-1), to which the court allowed Jones to respond (filing 24), which he did by filing an objection and motion to strike including his "Amended Counter Affidavit of Thomas R. Jones" (filing 28, Jones Amend. Counter Aff.).

[8] Although less succinct, Jones' Affidavit attached to his opposition to the motion for summary judgment and his motion for evidentiary hearing also contain a

9

Am. Counter Aff., at CM/ECF pp. 2, 4.) As the compliant declaration was made in response to Respondent's motion for summary judgment, which was the first time the Rule 3(d) postage certification issue was raised, and as delay is generally not considered needless when submission of a non-contemporaneous declaration or certification is made at the first opportunity after it is contested,[9] Jones' non-contemporaneous filing did not delay the proceedings needlessly and the prison mailbox rule may be applied.

### B.   Application of the Prison Mailbox Rule

The filing of a compliant but non-contemporaneous declaration does not render the prison mailbox rule automatically applicable, however. The Eighth Circuit in *Grady* held that a court may: 1) decline to apply the prison mailbox rule if the court affords the delayed declaration little or no weight compared to other evidence, or 2) require an evidentiary hearing to be held to resolve a factual dispute if, after evaluation of the evidence, the court determines a genuine issue of material fact exists regarding the timing of the filing. *Grady*, 269 F.3d at 918-19.

---

notarized statement that on June 6, 2021, he filled out and paid for two (2) institutional checks for first-class U. S. postage fees which he stapled to the envelope containing his habeas petition which he then handed to a correctional officer in compliance with the prison rules for filing legal mail. (*See* Filing 18 at CM/ECF p. 11; Filing 21 at CM/ECF p. 7.)

[9] *See Porchia*, 251 F.3d at 1199 (explaining that a demonstration of timely filing on appeal is not appropriate "when the appellant does not, in the first instance, demonstrate timely filing" as allowing remand to the district court to make such a determination "encourages delay and wasteful use of scarce judicial resources"); *Pierce v. Weber*, 2010 WL 4868214, at *1 (D.S.D. Nov. 23, 2010) (granting a prisoner one month to file a declaration in compliance with 28 U.S.C. § 1746 or a notarized statement establishing entitlement to the prison mailbox rule after a motion to dismiss was filed by the government arguing the petition was time barred by the one-year statute of limitations).

In *Grady*, a prisoner's § 2255 motion was signed and dated prior to the lapse of the statute of limitations but was not received by the court until 19 days after. *Id.* at 915. The government moved to dismiss the motion as untimely and the prisoner objected, filing a sworn affidavit stating he had deposited the motion into the prison's mail system prior to the deadline with proper prepaid postage. *Id.* Prison officials filed affidavits asserting it was "impossible" for the prisoner's mail to languish for 17 days in the prison's mail room as the prison's guidelines required forwarding of all prison mail to the Postal Service within 24 hours of receipt and that all mail deposited in the special mail system would be stamped, which the prisoner's was not. *Id.* The district court converted the government's motion to dismiss into a motion for summary judgment, which it then denied, holding that the prisoner's affidavit was sufficiently credible to create a material issue of fact preventing the entry of summary judgment, and then continued onto the merits of the petition without holding an evidentiary hearing to resolve the factual conflict. *Id.* at 916. The Eighth Circuit reversed and remanded for an evidentiary hearing, finding that "[a]fter denying the government's summary judgment motion, the district court should have resolved the factual dispute by conducting an evidentiary hearing, receiving evidence (including testimony), and issuing findings" prior to proceeding on the merits of the petition. *Id.* at 919.

Here, *Grady* controls the instant dispute. Although Respondent concedes that perhaps Jones' omission of the Rule 3(d) postage certification was not intentional because the form petition used by Jones did not contain prepaid postage certification language,[10] Respondent questions Jones' credibility as it relates to his stated timeline for filing the petition. (Filing 23.) Arguing that "outgoing inmate mail does not just sit there; it is processed within 24 to 48 hours of receipt, with the exception of

---

[10] Respondent also proposes that the fact that Jones did not attest to the prepayment of postage might suggest that the lack of sufficient postage was the reason for the delay here. (Filing 23 at CM/ECF p. 2 (citing *United States v. Chavez*, No. 213CR20009PKHMEF, 2015 WL 4775772 (W.D. Ark. June 26, 2015), *report and recommendation adopted*, No. 2:13-CR-20009-001, 2015 WL 4763644 (W.D. Ark. Aug. 10, 2015)).)

weekends and holidays," (filing 23 at CM/ECF p. 2), Respondent contends the petition was not submitted to the prison mail system on June 6, 2021, citing to the affidavit of Nebraska State Penitentiary employee Allyson Bennett (filing 22-1, Aff. of Allyson Bennett) outlining the "regular" prison mail procedures and a log of outgoing mail from May, June, and July of 2021 in support (filing 16-9 at CM/ECF pp. 6-7). Further, Respondent points out that "all of [Jones'] other subsequent filings to this court in this case were received and filed within a few days of when [Jones] said that he put them in the prison mail system," (filing 23 at CM/ECF p. 2), except an instance where Jones "claimed to have placed [a pleading] in the prison mail system on November 18, 2021" but "attached a letter to his filing . . . dated November 19, 2021" rendering the date Jones alleged to have mailed his objection impossible. (Filing 26, (citing Filing 25 at CM/ECF pp. 3-4, 6).)

In response, Jones contends that a genuine issue of material fact exists as to whether his petition was timely filed, and an evidentiary hearing is warranted. (Filing 21.) Jones argues that the mail logs supplied by Respondent only establish when his petition was processed but not when his petition was received, and neither the mail logs nor the Bennett Affidavit establish how common it is for mail to languish before being processed especially considering staffing shortages. (Filing 20 at CM/ECF p. 3; Filing 21; Filing 27.) Jones also submits that the Bennett Affidavit does not create an issue of material fact regarding when the petition was received as it simply recites the policy the jail is supposed to follow but does not state that employees followed those procedures in his case or that those procedures are never deviated from.[11]

---

[11] Jones also moves for Bennett's affidavit and Respondent's supplemental filing in conjunction with its reply in support of its motion for summary judgment to be stricken because the Bennett affidavit contains "new evidence" which he contends violates *Cullen v. Pinholster*, 563 U.S. 170, 186 (2011), and refers to the inmate mail procedure attested to by Bennett as "perjury or false, misleading, and inapplicable." (Filing 27 at CM/ECF pp. 1-2.) Jones does not explain how the reference to the inmate mail procedure is misleading, inapplicable, or perjury, and his reference to *Pinholster* is unfounded as *Pinholster* discusses "new evidence" in the context of evidence that was not before a state court and is presented to the federal court for the first time. *Pinholster*, 563 U.S. at 186. As this issue was never

12

(Filing 27 at CM/ECF p. 2.) In support, Jones submits copies of two institutional checks for postage dated June 6, 2021 (filing 20 at CM/ECF p. 9), affidavits of Nebraska State Penitentiary inmates Joseph Buttercase and Abdur-Rashid Muhammad attesting to difficulties they have experienced with the prison mailing system resulting in filing delays of more than 48 hours (filing 29; filing 30), and a letter dated November 19, 2021, signed by Ms. Beran discussing the staffing shortages at the Nebraska State Penitentiary and how the shortages have resulted in the inability "to meet many functions that are secondary to inmate safety and security" (filing 27 at CM/ECF pp. 6-7).

Upon review of the affidavits and other evidence provided by the parties, a genuine issue of material fact exists as to whether Jones' petition was timely filed. The court agrees with Jones that the Bennett Affidavit provides no insight into whether Jones' petition was submitted on June 6, 2021. Instead, Bennett's affidavit simply reiterates prison mail processing procedures, does not directly address the submission of Jones' petition, and does not address the staffing shortages and mailing issues Jones and other inmates have attested to which may have caused a delay in processing. (*See* Filing 22-1, Bennett Aff., *but see* Filing 27 at CM/ECF pp. 6-7; Filing 29; Filing 30.) The mail logs do show that no legal mail was received by the prison from Jones until June 24, 2021, and no mail was sent to this court until July 6, 2021 (filing 16-9 at CM/ECF pp. 5-7), but the two institutional checks for postage dated June 6, 2021 potentially contradict the logs as they indicate Jones did intend to mail something on June 6 which may have not been logged properly or timely processed. Consequently, under the controlling authority provided in *Grady*, an evidentiary hearing is warranted on this issue.

---

before the state court, *Pinholster* is inapplicable. As such, Jones' motion to strike is without merit and shall be denied.

IT IS THEREFORE ORDERED that:

1. Respondent's motion for summary judgment (filing 15) is denied without prejudice as Respondent failed to establish there is no genuine dispute as to any material fact regarding whether Jones' petition was timely filed.

2. Jones' motion for evidentiary hearing (filing 21) is granted on the issue of whether Jones' petition is timely filed. Jones' prior motion for evidentiary hearing (filing 19) is denied as moot.

3. Jones' amended objection and motion to strike state court records (filing 27) is denied and his prior motion and objection to strike state court records (filing 25) is also denied as moot.

4. The Federal Public Defender is appointed to represent Petitioner Jones in accordance with 18 U.S.C. § 3006A(a)(2)(B) and Rule 8(c) of the Rules Governing Section 2254 Cases.

5. The Federal Public Defender is directed to promptly enter an appearance as counsel for Petitioner Jones in this case.

6. No later than **September 19, 2022**, counsel for Respondent and counsel for Petitioner shall confer and file a joint motion suggesting a suitable progression of this case. The court will enter an order progressing this case to disposition following the filing of the joint motion.

7. The Clerk of Court is directed to send a copy of this order to the Federal Public Defender, David R. Stickman, and all other parties who receive notice of filings in this case.

8.  The Clerk of Court is directed to set a pro se case management deadline using the following text: **September 19, 2022**: check for parties' joint motion regarding case progression.

10.  Given that I will be taking inactive senior status at the end of this calendar year, and in the interest of judicial economy, the Clerk's office is directed to request a reassignment order from the Chief Judge.

Dated this 19th day of August, 2022.

BY THE COURT:

*Richard G. Kopf*

Richard G. Kopf
Senior United States District Court