IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | |
|---|---|
| THOMAS R. JONES, | |
| Petitioner, | **8:21CV249** |
| vs. | |
| ROB JEFFREYS, | **MEMORANDUM AND ORDER** |
| Respondent. | |

Thomas R. Jones ("Petitioner"), filed a habeas corpus action pursuant to 28 U.S.C. § 2254 on July 7, 2021. Filing No. 1. On December 22, 2022, Petitioner filed an amended petition setting forth eight claims for relief (the "Amended Petition"). Filing No. 43. This matter is before the Court on Petitioner's currently stayed motion for an evidentiary hearing concurrently filed with the Amended Petition (the "Motion"), seeking an evidentiary hearing to develop the record on five claims set forth in his Petition. Filing No. 44. While Respondent has not opposed the Motion substantively, in his briefing supporting his Answer Respondent seeks dismissal of the Motion, arguing that all of Petitioner's claims, including those claims Petitioner seeks to develop in the Motion, are procedurally defaulted rendering the Amended Petition subject to dismissal with prejudice and the Motion subject to dismissal, presumably as moot. Filing No. 52 at 1.

For the reasons set forth below, briefing shall resume on the Motion in compliance with this Order.

In the Motion, Petitioner seeks an evidentiary hearing to develop claims 2 through 4 and claims 7 and 8 set forth in his Petition (the "Undeveloped Claims"). Filing No. 44 at 1, 11–12. The Motion relies, in relevant part, on the Supreme Court's holding in *Williams v. Taylor*, 529 U.S. 420, 437 (2000), excusing a federal habeas petitioner who has exercised diligence at the relevant stages in state court proceedings when attempting to develop his claims "from showing compliance" with 28 U.S.C. § 2254(e)(2) when seeking an evidentiary hearing to develop those same claims in federal habeas proceedings. *Williams*, 529 U.S. at 437 (quoting 28 U.S.C. § 2254(e)(2)).[1] Petitioner argues that he is entitled to develop the Undeveloped Claims here under *Williams* because although he attempted to develop them in multiple state court proceedings, his attempts to do so were fruitless. Filing No. 44 at 12.

Respondent opposed the Motion solely for its premature filing. Filing No. 45. Respondent argued that consideration of the Motion was impossible as Respondent had not yet filed an answer to the Petition and Rule 8(a) of the Rules Governing Section 2254 Cases in the United States District Courts require a court to review the answer (amongst other materials) prior to determining if an evidentiary hearing is warranted. *Id.* This Court agreed with Respondent and stayed resolution of the Motion until the completion of briefing. Filing No. 46.

Respondent has since filed an answer to the Amended Petition (the "Answer"), Filing No. 47, and briefing on the Petition is now complete. A review of the pleadings and supporting briefs by the parties quickly establishes that Petitioner's Motion seeking an

---

[1] Diligence for this purpose is described as "depend[ing] upon whether the prisoner made a reasonable attempt, in light of the information available at the time, to investigate and pursue claims in state court." *Williams*, 529 U.S. at 435.

evidentiary hearing for the Claims is deficient in its current state and Respondent's request for dismissal of the Motion is premature.

In the Answer and briefing in support, Respondent "asks" this Court to simultaneously deny the Motion and dismiss the Petition on procedural default grounds. Filing No. 52 at 1. Specifically, Respondent submits that all of Petitioner's claims in the Petition (including the Undeveloped Claims at issue in the Motion) are procedurally defaulted because Petitioner either did not fairly present them to the state courts and is therefore now barred from raising them, or because the state courts refused to consider them on direct appeal and/or postconviction because of Petitioner's failure to satisfy a state procedural requirement. Filing No. 47 at 4.

It appears that Respondent believes the Motion need not be addressed substantively if this Court agrees that the Undeveloped Claims are procedurally defaulted because Petitioner's arguments in favor of granting the Motion rely on those claims having been fully exhausted. However, Respondent's position relies on presumptions this Court cannot yet make.

Because the Motion was filed before Respondent had addressed the claims in the Amended Petition, Petitioner could not address Respondent's procedural default argument. As such, the entirety of Petitioner's Motion is based on the presumption of the Undeveloped Claims being exhausted. While Petitioner continues to argue that his claims are indeed exhausted in his briefing in support of his Amended Petition, *see* Filing No. 51, Petitioner, appropriately, did not address how Respondent's procedural default arguments affect his arguments set forth in the Motion, if at all. As such, a wholly unaddressed question exists of whether, *if* this Court were to find one or more of the Undeveloped

Claims as procedurally defaulted, would Petitioner argue he is still entitled to an evidentiary hearing on that Undeveloped Claim or Claims?  And if so, under what basis?

While clearly this issue was created by the premature filing of the Motion, the Court shall not take Respondent's invitation to preclude Petitioner from advancing such an argument now.  Ultimately, while this Court is not suggesting an evidentiary hearing is available to Petitioner to excuse and/or develop any of the Undeveloped Claims if found to be procedurally defaulted, this Court shall not presume Petitioner does not seek to make such an argument by ruling on the Motion (and the Amended Petition) without Petitioner having stated his position on this issue.

Moreover, to the extent this Court disagrees with Respondent and determines that any of the Undeveloped Claims were indeed exhausted, Respondent has not provided any briefing directly addressing the merits of Petitioner's arguments in the Motion in favor of allowing an evidentiary hearing.  This Court also shall not attempt to guess Respondent's position regarding whether an evidentiary hearing should proceed in the event this Court agrees with Petitioner that one or more of the Undeveloped Claims were in fact exhausted.

While the standard under the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) to expand the state-court record is a stringent one, the granting or denial of a motion for an evidentiary hearing depends on the particular facts and circumstances of each case.  *United States v. Golden*, 418 F. Supp. 3d 416, 420 (D. Minn. 2019); *see also Shinn v. Ramirez*, 596 U.S. 366, 371 (2022).  Because the Motion was prematurely filed, it is incomplete as it wholly fails to consider, nevertheless address, Respondent's procedural default arguments and how Respondent's positions affect the relief Petitioner

4

seeks.  Because the Court seeks to allow both parties to fully brief these issues, briefing on the Motion shall be reopened.

IT IS THEREFORE ORDERED:

1.  The Motion for evidentiary hearing, Filing No. 44, is unstayed.

2.  Petitioner shall have through and until **October 4, 2024**, to supplement his Motion for evidentiary hearing.   While Petitioner has the option of simply reasserting/incorporating by reference the arguments made in the instant Motion relating to allowance of an evidentiary hearing if the Undeveloped Claims are exhausted, Petitioner's supplement must fully address Respondent's arguments set forth in his Answer and related briefing to the extent Petitioner believes any additional basis exists for proceeding with an evidentiary hearing if the Undeveloped Claims are found to be procedurally defaulted.  The parties need not restate their arguments regarding why they believe the Undeveloped Claims are exhausted or procedurally defaulted but, to the extent necessary to support their relative positions, need only incorporate those arguments by reference by citation to where they are located in the record currently before this Court.

3.  The times for Respondent to file a response and for Petitioner to file his reply are governed by the Federal Rules of Civil Procedure and the Local Rules of this Court.

4.  Any motions for extensions of time to comply with this Order must be filed prior to the applicable deadline.

5.  The Clerk of Court is directed to set a pro se case management deadline using the following text: **October 4, 2024**: deadline for Petitioner's Supplement to the Motion for Evidentiary Hearing.

5

Dated this 4th day of September, 2024.

BY THE COURT:

Joseph F. Bataillon
Senior United States District Judge